ACCELERATED JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 11.1, the transcript from the trial court's suppression hearing, and briefs of counsel. The State of Ohio appeals the trial court's grant of Traylor's motion to suppress.
On April 1, 2001 around 5:30 a.m., during basic patrol and on his way to another call, Garfield Heights police officer David Bailey observed an older Chevrolet, with the front license plate missing, traveling southbound on East 90th Street. The license plate was in the front window. After leaving his original call, Bailey observed the same car driving in the opposite direction. Bailey knew there were a lot of car thefts in that area and so he followed the vehicle to East 88th Street, where a female, holding a bottle under her jacket, approached the car. When the Chevrolet pulled into a driveway near the woman, Bailey pulled up behind it and turned his lights on. He was planning to stop the vehicle because of the license plate violation. (Garfield Heights requires that license plates be placed on the front and back of the car and prohibits obstructing their view.)
Bailey asked the driver, Traylor, to open the window. Traylor told him it did not work. Bailey asked him to open the door. Again, Traylor said it did not work and that Bailey would have to open it from the outside. Bailey ordered Traylor and the passenger to put their hands on the dashboard. He then observed Traylor reach down by his waistband and pass something to the passenger, who placed it under his seat. He and officer Bruno got the men out of the car. (Bailey had called Bruno, a female officer, to the scene to pat down the woman after Bailey observed that the open bottle she was holding was vodka.) Bailey then checked under the passenger seat and found a loaded, .38 semi-automatic Larson handgun.
The court granted Traylor's motion to suppress finding that there was not probable cause. The car was being stopped, but not to the issuance of a citation. The mere suspicion and hunch is not enough. And the court finds that the stop was improper.
We reverse. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States (1996), 517 U.S. 806,810. Further, [w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity. Dayton v. Erickson (1996), 76 Ohio St.3d 3,11, 1996-Ohio-431, 665 N.E.2d 1091, 1097. Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis. Whren at 813. Here, officer Bailey had probable cause that a traffic violation had occurred. Further, after approaching the car and talking to Traylor, Bailey observed Traylor hand something to the passenger who put that something under the passenger seat. Because the initial stop was justified by the traffic violation, the lower court erred in finding no probable cause and therefore in granting Traylor's motion to suppress.
Judgment reversed.
This cause is reversed for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN JUDGE KENNETH A. ROCCO, P.J., and DIANE KARPINSKI, J., CONCUR.